Opinion filed November 12, 2015



In The

# Eleventh Court of Appeals

_____

No. 11-15-00266-CR
_____

**SHAVONDA Y. ANDREWS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 42nd District Court**
**Coleman County, Texas**
**Trial Court Cause No. 2686**

## MEMORANDUM OPINION

Shavonda Y. Andrews, Appellant, has filed an untimely pro se notice of appeal from a conviction for the offense of possession of a controlled substance with intent to deliver. We dismiss the appeal.

The documents on file in this case indicate that Appellant's sentence was imposed on June 4, 2015, and that her notice of appeal was filed in the district clerk's office on October 21, 2015. When the appeal was filed in this court, we notified

Appellant by letter that the notice of appeal appeared to be untimely and that the appeal may be dismissed for want of jurisdiction. We requested that Appellant respond to our letter and show grounds to continue.

Appellant's trial counsel has filed a response to this court's letter in which counsel states that she is unaware of any grounds upon which to continue this appeal. Appellant has filed a pro se response in which she requests that the court of appeals consider giving her shock probation, an act that is within the authority of the trial court, not this court. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 6 (West 2006). Trial counsel has informed Appellant "of the possibility of a post-conviction Writ of Habeas Corpus pursuant to the Code of Criminal Procedure 11.07." *See id.* art. 11.07 (West 2015).

Pursuant to TEX. R. APP. P. 26.2(a), a notice of appeal is due to be filed either (1) within thirty days after the date that sentence is imposed in open court or (2) if the defendant timely files a motion for new trial, within ninety days after the date that sentence is imposed in open court. A notice of appeal must be in writing and filed with the clerk of the trial court. TEX. R. APP. P. 25.2(c)(1). The documents on file in this court reflect that Appellant's notice of appeal was filed with the clerk of the trial court 139 days after sentence was imposed. The notice of appeal was, therefore, untimely.

Absent a timely filed notice of appeal or the granting of a timely motion for extension of time, we do not have jurisdiction to entertain this appeal. *Slaton v. State*, 981 S.W.2d 208 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519 (Tex. Crim. App. 1996); *Rodarte v. State*, 860 S.W.2d 108 (Tex. Crim. App. 1993). Neither a notice of appeal nor a motion for extension were filed within the fifteen-day period permitted by TEX. R. APP. P. 26.3. This court, as an intermediate appellate court, has no jurisdiction to grant an out-of-time appeal or to grant an

untimely motion for extension; the Texas Court of Criminal Appeals is the only court with jurisdiction in final postconviction felony proceedings. *Olivo*, 918 S.W.2d at 522–24, 525 n.8; *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991).

This appeal is dismissed for want of jurisdiction.

PER CURIAM

November 12, 2015

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.